## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SEAMAN PAPER CO. OF MASSACHUSETTS, INC., ) ) ) ) Plaintiff, ) ) v. ) ) MICHAEL S. POLSKY, ESQ., as receiver ) of BADGER PAPER MILLS, INC., ) ) Defendant. ) ) | Civil Action No. 07-40165-FDS |

### MEMORANDUM AND ORDER ON DEFENDANT'S
### MOTION TO DISMISS, OR, ALTERNATIVELY, FOR TRANSFER OF VENUE

**SAYLOR, J.**

This matter is before the Court on the motion of defendant Michael Polsky to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), and for improper venue pursuant to Fed. R. Civ. P. 12(b)(3), or, in the alternative, for a transfer of venue under 28 U.S.C. § 1404(a).  For the reasons stated below, defendant's motion to dismiss will be granted.

**I.   Background**

Plaintiff Seaman Paper Co. of Massachusetts, Inc., is a Massachusetts corporation with a principal place of business in Massachusetts.  Seaman Paper is a family-owned paper mill engaged in the production of tissue paper, crepe paper, and other lightweight specialty papers.

Defendant Michael Polsky is a citizen of Wisconsin and a licensed attorney.  Badger Paper Mills, Inc., is a Wisconsin corporation with a principal place of business in Wisconsin.  It

produces various paper products for retail, commercial, and office use, as well as packaging products primarily used in the confectionary, fast-food, grocery, and pharmaceutical industries. Since approximately 2002, Badger Mills has been ordering paper products from Seaman Paper. Seaman Paper has invoiced Badger Mills approximately $100,000 per month for the purchase of paper products over that span.

On October 26, 2005, the state of Wisconsin ordered Badger Mills into receivership on the motion of PNC Bank of Chicago (a creditor of Badger Mills), and appointed defendant Polsky as the receiver.[1] Polsky is involved with Badger Mills only in his capacity as receiver, and has never been employed by the company. Polsky contends, and Seaman Paper does not dispute, that he has no contacts in Massachusetts and has never transacted business in Massachusetts other than as the receiver of Badger Mills.

Pursuant to Wis. Stat. ch. 128.07, Polsky as receiver has the authority to seek repayment of monies paid out by Badger Mills "as a preference within 4 months before the filing of a petition [of receivership]." On April 5, 2007, Polsky sent a letter to Seaman Paper in Massachusetts, informing it that he had been appointed as the receiver of Badger Mills and stating that certain recent payments made by Badger Mills to plaintiff were preferential payments and should be turned over to him. By Polsky's accounting, the preferential payments totaled $250,006.87.

Seaman Paper disputes that these payments were preferential and opposed any attempt by Polsky to recover any monies. On June 8, 2007, Seaman Paper filed a complaint in this court,

---

[1] There is nothing in the record stating or suggesting that Badger Mills has filed for federal bankruptcy protection. Although federal bankruptcy law generally preempts state laws relating to insolvency and receivership, *see, e.g.,* 11 U.S.C. § 543(a)-(b), it does not do so where no bankruptcy petition has been filed. *See Ready Fixtures Co. v. Stevens Cabinets,* 488 F. Supp. 2d 787, 791-791 (W.D. Wis. 2007).

seeking a declaratory judgment that Polsky is not entitled to recover any payments made by Badger Mills to it. There is no dispute that Seaman Paper did not seek the permission of the Wisconsin court before filing suit. Defendant has moved to dismiss on grounds of lack of subject matter jurisdiction, personal jurisdiction, and improper venue, and in the alternative to transfer venue to Wisconsin.

## II. Subject Matter Jurisdiction

### A. The General Requirement to Seek Permission of the Appointing Court

Defendant contends that Seaman Paper cannot maintain an action against a receiver acting in his official capacity without the express permission of the court that appointed the receiver. Because the plaintiff did not seek permission from the Wisconsin court to bring this action, defendant contends that the case must be dismissed.[2]

As a threshold matter, it is clear that this suit is filed against Polsky solely in his capacity as receiver of Badger Mills. The state court order appointing defendant as receiver of Badger Mills states that ". . . the Receiver [has] all of the usual powers vested in him pursuant to Chapter 128 of the Wisconsin Statutes, and the laws applicable hereto." Wis. Stat. ch. 128.07 states in relevant part:

---

[2] There is some question as to whether the failure to obtain permission of the appointing court raises an issue of subject matter jurisdiction. Most of the relevant cases do not explain the precise basis for the dismissal. A recent First Circuit case assumed, without discussion, that the failure to obtain permission of the appointing court deprives a federal court of subject matter jurisdiction. *Muratore v. Darr,* 375 F.3d 140, 143, 147-148 (1st Cir. 2004). This memorandum will accordingly assume that the issue presented is one of subject matter jurisdiction.

Preferred Creditors.

(1) DEFINITIONS. In this section . . .

(a) A person shall be considered to have given a preference if, being insolvent, the person has made a transfer of any of his or her property . . . and the effect of the transfer or enforcement of the judgment will be to enable any creditor to obtain a greater percentage of his or her debt than any other credit of the same class.

(2) If the debtor has given a preference within four months before the filing of a petition, or an assignment, after the filing of the petition and before the appointment of a receiver, or after the filing of an assignment and before the qualification of the assignee, and the recipient has reasonable cause to believe that the enforcement of the judgment or transfer would effect a preference, the judgment shall be voidable by the receiver or assignee, and the receiver or assignee may recover the property or its value from the recipient.

*Id.* The present suit arose because of a letter (sent in defendant's official capacity) seeking the return of a preferential payment, and indeed plaintiff does not dispute that Polsky's only connection to Badger Mills arises out of his capacity as a receiver.

The Court must next consider whether permission of the appointing court is necessary for plaintiff to maintain its suit against a receiver. In federal court, the answer is clearly in the affirmative. As the Supreme Court has stated: "It has, therefore, been found necessary, and has become a common practice for a court of equity, in its decree appointing a receiver of a railroad property, to provide that [a receiver] shall not be liable to suit unless leave is first obtained of the court by which he was appointed." *Barton v. Barbour,* 104 U.S. 126, 136 (1881).[3] Part of the

---

[3] Although *Barton* itself dealt with receivership of a "railroad property", the "permission" rule of the case has never been interpreted to be limited solely to railroads. *See, e.g., Darr,* at 143 ("The Supreme Court ruled that before suit is brought against a receiver, leave of the court by which the trustee was appointed must be obtained").

rationale underlying *Barton* is that the court appointing the receiver has *in rem* subject matter jurisdiction over the receivership property. *Id.* at 136. As the Supreme Court explained, allowing the unauthorized suit to proceed "would have been a usurpation of the powers and duties which belonged exclusively to another court." *Id.*

Although the *Barton* decision is more than 125 years old, federal courts have consistently and explicitly affirmed the doctrine's continuing vitality. *See, e.g., Muratore v. Darr*, 375 F.3d 140, 147 (1st Cir. 2004); *In re Crown Vantage, Inc.,* 421 F.3d 963, 970-971 (9th Cir. 2005); *Carter v. Rodgers,* 220 F.3d 1249, 1252 (11th Cir. 2000); *In Re Linton,* 136 F.3d 544, 546 (7th Cir. 1998); *Lebovits v. Scheffel (In re Hehal Realty Assocs.)*, 101 F.3d 272, 276 (2d Cir. 1996); *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir. 1993); *accord Wood v. Comins,* 303 Mass. 367, 369 (1935).

It is true that the decisions cited involve claims against a federal bankruptcy trustee where the plaintiff had failed to seek permission from the appointing federal bankruptcy court. Here, by contrast, the claim is against a state receiver, and the plaintiff has failed to obtain the permission of the appointing state court. That distinction does not, however, require a contrary result. The *Barton* decision itself dealt with a receiver appointed by a state court in Virginia. *Barton,* 104 U.S. at 127. Moreover, federal courts have repeatedly justified applying the *Barton* doctrine in bankruptcy cases by reasoning that "the trustee in bankruptcy is a statutory successor to the equity receiver" and "just like the equity receiver, a trustee in bankruptcy is working in effect for the court that appointed or approved him, administering property that has come under the court's control by virtue of the bankruptcy code." *Crown Vantage,* 421 F.3d at 971 (*quoting Linton,* 136

F.3d at 545); *see also Muratore,* 375 F.3d at 143 ("Barton involved a receiver in state court, but the circuit courts have extended the Barton doctrine to lawsuits against a bankruptcy trustee") (*quoting Rodgers,* 220 F.3d at 1252).  No court appears to have ruled to the contrary, or disturbed the original holding of *Barton*.[4]  The rule is thus applicable in the present case, and plaintiff was required to seek leave from the Wisconsin court before filing suit against the receiver in federal court in Massachusetts.

### B.     Whether "Actual Possession" of the Subject Property is Required

Plaintiff disputes that *Barton* and its progeny is applicable to this case.  Citing *Barton* and the Massachusetts case of *Zimmerman v. B & V Enterprises, Inc.,* 2007 WL 865628 (Mass. App. Ct. 2007), plaintiff contends that permission is only required from the appointing court when the defendant has "actual possession" of the disputed property.  In particular, plaintiff points to the following language in *Barton*:  "When property has been put by decree of the court . . . *into the hands of a receiver*, his possession is the possession of the court which appointed him, and any rights in the property can only be asserted by application to the court").  *Barton*, 104 U.S. at 136 (emphasis added).  *Zimmerman* uses similar language:

> When property has been put by decree of the court, *into the hands of a receiver,* his possession is the possession of the court which appointed him, and any rights can only be asserted by application to the court, but when he assumes to take or hold possession of property not embraced in the degree appointing him, and to which the debtor never had any title, he is not acting as the officer or

---

[4] In contrast to the federal rule, some state courts have held that lack of permission from the appointing court in a receivership suit is not jurisdictionally fatal.  Most of these cases, however, involved a suit initially brought in the actual court that appointed the receiver, or where the issue of permission was not raised by the defendant until appeal.  *See, e.g., Tobias v. Tobias,* 51 Ohio St. 519, 520 (1894) (". . . the failure of a party to obtain leave of the court to sue a receiver appointed by it does not affect the jurisdiction of the court in which the suit is brought to hear and determine the matter"); *Mulcahey v. Strauss,* 151 Ill. 70, 80 (1894); *Payson v. Jacobs,* 38 Wash. 203, 206 (1905) (lack of permission is merely a technical objection that is waived if raised only on appeal).

representative of the court . . . .

*Zimmerman,* 68 Mass. App. Ct. at *2 (emphasis added) (quoting *Hills v. Parker,* 111 Mass. 508, 510-511 (1873).  *See also Blum v. Van Vechten*, 92 Wis. 378, 378 (1896) ("The [permission] rule is otherwise where the receiver *takes possession* or holds property which does not pertain to his office. . . and there is no attempt to interfere with the *actual possession* of the property which he holds under order of the court appointing him") (emphasis added).

Plaintiff erroneously reads an "actual possession" requirement into the case law.  Even that portion of *Zimmerman* that the plaintiff directly quotes in its brief stands for the opposite principle: "but when he assumes to *take* or hold possession of property not embraced in the degree appointing him, and to which the debtor never had any title, he is not acting as the officer or representative of the court . . . ." *Zimmerman*, 68 Mass. App. Ct. at *2 (emphasis added). This language clearly states, by implication, that a "taking" of property can trigger the permission requirement when the taking is embraced in the decree appointing the receiver.  As explained above, the decree appointing Polsky receiver clearly gave the receiver the power to demand and collect preferential payments.

Furthermore, the First Circuit has not read *Barton* to require actual possession.  *See Muratore v. Darr*, 375 F.3d at 143 ("In *Barton v. Barbour*, the Supreme Court ruled that the common law barred *suits* against receivers in courts other than the court charged with the administration of the estate.  The Supreme Court ruled that before *suit* is brought against a receiver, leave of the court by which the trustee was appointed must be maintained") (internal citations omitted) (emphasis added).  The rule is thus triggered by a "suit" against the receiver,

not by whether the object of the suit is in the physical possession of the receiver.[5]

### C. Whether 28 U.S.C. § 959(a) Requires a Different Result

Although plaintiff does not raise the issue, 28 U.S.C. § 959(a) provides a limited exception in federal courts to the rule of *Barton*. It states in relevant part:

> Trustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property . . .

This provision does not remove this case from the general rule as it only covers "acts or transactions in conducting the debtor's business in the ordinary sense of the words or in pursuing that business as an operating enterprise." *Muratore,* 375 F.3d at 144. Even if the receiver in this case had been federally-appointed, the suit here arose out of the receiver's efforts to obtain return of alleged preferential payments (and not actually produce Badger Mill's normal products) and therefore § 959(a) would still not apply.[6]

\* \* \*

Under the rule of *Barton*, plaintiff must seek permission from the appointing court before instituting a suit in another court against the receiver. It is undisputed that plaintiff did not seek

---

[5] Plaintiff's argument also ignores the "by decree of court" language in *Barton* and *Zimmerman* that immediately precedes "into the hands of a receiver." The decree of court in this case gave Polsky "all of the usual powers vested in him pursuant to Chapter 128 of the Wisconsin Statutes, and the laws applicable thereto." Wis. Stat. ch. 128.07 § 2 states that ". . . [a preference] shall be *voidable* by the receiver or assignee, and the receiver or assignee may *recover* the property or its value from the recipient" (emphasis added). In other words, the receiver has the power to declare a preferential transaction void from its very inception, which means no property was legally transferred at all. The decree of the Wisconsin court can thus be viewed as putting preferential payments "in the hands" of the receiver to the extent that the receiver has voided any such payments.

[6] At least one court has held that the statute applies only to federally-appointed receivers. *See, e.g., SEC v. Lincoln Thrift Assoc.,* 557 F.2d 1274, 1277 n.1 (9th Cir. 1977) ("[t]he federal statute granting leave to sue *federal receivers* in some circumstances without leave of the appointing court, 28 U.S.C. § 959(a) . . . ."). As noted, the receiver in this case was appointed by the state of Wisconsin, not the federal government.

8

permission from the Wisconsin circuit court before bringing this suit against defendant in federal court in Massachusetts. The case will accordingly be dismissed for lack of subject matter jurisdiction.[7]

## IV. Conclusion

For the foregoing reasons, defendant Michael Polsky's motion for dismissal is GRANTED.

**So Ordered.**

                                              /s/ F. Dennis Saylor
                                              F. Dennis Saylor IV
                                              United States District Judge

Dated: November 20, 2007

---

[7] In an unrelated portion of plaintiff's memorandum in opposition to the motion to dismiss or transfer (discussing the "gestalt" factors of personal jurisdiction), plaintiff contends that "Both Massachusetts and California have given clear indications that the preference recovery provisions of state receiverships such as Wisconsin's have been preempted and replaced by the Federal Bankruptcy Act. In fact, at the present time [the] theory of recovery of 'preferential payments' does not exist in Massachusetts." It is true that a receiver appointed by a Massachusetts court does not have the power to collect preferential payments. *See Goldstein v. Columbia Diamond Ring Co.,* 366 Mass. 835, 842 (1975) (preference avoidance provisions of Massachusetts receivership law preempted by federal Bankruptcy Act of 1898). Wisconsin courts, however, have come to the opposite result: the federal bankruptcy system has not preempted the power of state receivers to collect preferential payments. *See Ready Fixtures,* 488 F. Supp. 2d at 791-192; *see also Pobreslo v. Joseph M. Boyd Co.,* 287 U.S. 518, 525-526 (1933) (holding that Wis. Stat. ch. 128.06 (a provision closely related to the 128.07 preferential payment provision) was "quite in harmony with the purposes of the federal act").

The *Barton* doctrine presents an issue of federal law, not state law, and thus the conflict of law is not relevant to the present inquiry. The court expresses no opinion as to the appropriate choice of law governing the power of the receiver to require the return of any preferential payment.